UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

NEWLANDS ASSET HOLDING TRUST,

Plaintiff,

v.

SFR INVESTMENTS POOL 1, LLC;
STONEFIELD HOMEOWNERS
ASSOCIATION,

Defendants.

Case No. 3:17-cv-00370-LRH-WGC

ORDER

Before the court is defendant SFR Investment Pool 1, LLC's ("SFR") motion for security of costs pursuant to Nevada Revised Statutes ("NRS") § 18.130(1). ECF No. 12.

This case involves a homeowners association's ("HOA") non-judicial foreclosure of real property. *See* ECF No. 1. Plaintiff Newlands Asset Holding Trust ("Newlands") is the purported beneficiary of the subject real property's deed of trust, which the foreclosure purportedly extinguished under NRS 116.3116 *et seq*. Newlands filed suit against both SFR and the HOA governing the subject property, defendant Stonefield Homeowners Association, claiming that the Nevada statute is unconstitutional on its face and as applied to the underlying non-judicial foreclosure and subsequent sale of the property to SFR.

SFR now moves this court for an order securing costs pursuant to NRS § 18.130(1). That statute states in pertinent part that, "[w]hen a plaintiff in an action resides out of the State, or is a foreign corporation, security for costs and charges which may be awarded against such

1

plaintiff [not to exceed $500] may be required by the defendant, by the filing and service on plaintiff of a written demand therefor within the time limited for answering the complaint." Nev. Rev. Stat. § 18.130(1). While such security is not required under the Federal Rules of Civil Procedure, "[i]t has been the policy of the United States District Court for the District of Nevada to enforce the requirements of NRS § 18.130 in diversity actions." *Hamar v. Hyatt Corp.*, 98 F.R.D. 305 (D. Nev. 1983). However, "[w]hen suit is brought under a federal statute, state provisions requiring security for costs or expenses clearly are inapplicable." 10 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2671 (3d ed.). Instead, the court may apply its own rules or state practice to require security for costs as a discretionary matter, taking into account the policy of the underlying federal statute, the defendant's ability to recover costs from an out-of-state plaintiff if the defendant prevails, the plaintiff's solvency, and any other pertinent factors. *Id*.

Here, Newlands filed suit in this court pursuant to both federal-question and diversity jurisdiction. ECF No. 1. However, it is evident from its complaint that its claims are primarily constitutional in nature. The court finds that it would be contrary to public policy to automatically require security for costs under NRS § 18.130 in cases involving alleged violations of the U.S. Constitution. Moreover, SFR has made no attempt to present grounds for requiring security for costs on the facts of this case. Therefore, the court shall deny SFR's motion for security of costs.

IT IS THEREFORE ORDERED that defendant's motion for security of costs (ECF No. 12) is DENIED.

IT IS SO ORDERED.

DATED this 13th day of September, 2017.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE