UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| NEWLANDS ASSET HOLDING TRUST,<br><br>Plaintiff,<br><br>v.<br><br>SFR INVESTMENTS POOL 1, LLC; and STONEFIELD HOMEOWNERS ASSOCIATION,<br><br>Defendants. | Case No. 3:17-cv-00370-LRH-WGC<br><br>ORDER |

Two motions come before the court. First, defendant SFR Investments Pool 1, LLC moves this court to dismiss plaintiff Newlands Asset Holding Trust's complaint. ECF No. 16. Defendant Stonefield Homeowners' Association (the "HOA") joined SFR Investments' motion. ECF No. 17. Newlands opposed the motion, and SFR Investments replied. ECF Nos. 20, 21. Second, Newlands moves to substitute nonparty Carisbrook Asset Holding Trust into this action as the plaintiff in the place and stead of Newlands, or Carisbrook moves to intervene in the alternative. ECF No. 19. SFR Investments does not oppose the motion, and no reply was filed. ECF No. 22.

The court first grants the motion to substitute Carisbrook into the action in the place and stead of Newlands. The court finds that Newlands transferred its interest relevant to this matter to Carisbrook after bringing suit, making substitution of the parties proper. The court then denies the motion to dismiss, finding the applicable statute of limitations does not bar this suit.

/ / /

## I. BACKGROUND

In 2009, Damian Webber purchased the property located at 7752 Corso Street, Reno, Nevada 89506. ECF No. 1 at 1–2. Webber executed a deed of trust, which identified Bank of America, N.A. as the lender and beneficiary and identified PRLAP, Inc. as the trustee. *Id.* at 2; *id.* at Ex. 2. After multiple assignments, Newlands came to hold the beneficial interests under the deed of trust. *Id.* at 3; *id.* at Exs. 3–7.

After recording a notice of delinquent assessment lien, a notice of default and election to sell, and a notice of homeowners' association sale, the HOA held a nonjudicial foreclosure sale on July 24, 2012. *Id.* at 3–4; *see id.* at Exs. 8–11. The HOA then recorded a quitclaim deed in 2014, giving rise to SFR Investments' interest in the property. *Id.* at 4; *id.* at Ex. 12.

Newlands sued the HOA and SFR Investments on June 13, 2017, essentially seeking an order to quiet title over the property.[1] *Id.* After initiating this suit, Newlands assigned its interest under the deed of trust to Carisbrook Asset Holding Trust. ECF No. 16, Ex. A.

Two motions now come before the court. First, SFR Investments moves to dismiss the complaint, and the HOA joins in the motion. ECF Nos. 16, 17. Second, Newlands moves to substitute Carisbrook Asset Holding Trust into this action in the place and stead of Newlands. ECF No. 19. SFR does not oppose the motion. ECF No. 22. The HOA did not respond, and no reply was filed.

## II. LEGAL STANDARD

### A. Federal Rule of Civil Procedure 25

Federal Rule of Civil Procedure 25(c) allows for the substitution of a party in an action if an interest has been transferred to another. Fed. R. Civ. P. 25(c). The rule also permits an action to proceed "by or against the original party." *Id.* A motion brought under Rule 25 is decided

---

[1] Newlands asserts the following five claims: (1) quiet title and declaratory relief under 28 U.S.C. § 2201, N.R.S. § 30.010 *et seq.*, and N.R.S. § 40.010 *et seq.*; (2) declaratory relief under the Fifth and Fourteenth Amendment of the U.S. Constitution; (3) quiet title under the Fifth and Fourteenth Amendment of the U.S. Constitution; (4) permanent and preliminary injunction; and (5) unjust enrichment. ECF No. 1. Newlands asserts each claim against all defendants except for claim four, which Newlands asserts only against SFR Investments. ECF No. 1.

2

1 under the court's discretion. *Sun-Maid Raisin Grow. of Cal. V. Cal. Pack. Corp.*, 273 F.2d, 282, 284 (9th Cir. 1959); *McComb v. Row River Lumber Co.*, 177 F.2d 129, 130 (9th Cir. 1949).

### B.  Federal Rule of Civil Procedure 12(b)(6)

Federal Rule of Civil Procedure 8(a)(2) requires a pleading to contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A court may dismiss a complaint that fails to meet this standard under Rule 12(b)(6). Fed. R. Civ. P. 12(b)(6). Rule 12(b)(6) permits dismissal on the basis of either (1) the "lack of a cognizable legal theory," or  (2) "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

In considering whether the complaint is sufficient to state a claim, the court accepts as true all factual allegations contained in the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). However, a court need not "accept as true allegations that contradict matters properly subject to judicial notice or by exhibit" or "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (internal quotations omitted). While a complaint need not allege detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Further, motions to dismiss filed after an answer are treated as a motion for judgment on the pleadings under Rule 12(c). *Aldabe v. Aldabe*, 616 F.2d 1089, 1093 (9th Cir. 1980). A court must still treat all allegations in the complaint as true under Rule 12(c) and must treat contradicting allegation in the answer as false. *Elvig v. Calvin Presbyterian Chruch*, 375 F.3d 951, 955 (9th Cir. 2004).

### III.  DISCUSSION

The court first addresses the motion to substitute a party and then resolves the motion to dismiss.

/ / /

**A. Motion to Substitute a Party**

The parties do not dispute the facts regarding this motion. At the time Newlands initiated this suit, Newlands held the beneficial interests under the deed of trust. Newlands then transferred the beneficial interests under the deed of trust to Carisbrook. Rule 25(c) therefore allows for the substitution of Newlands for Carisbrook because Newlands transferred its interest to Carisbrook. Further, SFR Investments does not oppose the motion and the HOA did not file a response. The court therefore grants the motion to substitute and substitutes Carisbrook into this action as the plaintiff in the place and stead of Newlands.

**B. Motion to Dismiss**

The court now turns to the motion to dismiss. In the motion to dismiss, SFR Investments and the HOA argue for dismissal on two grounds: (1) Newlands lacks standing as it no longer holds any interest in the property and (2) the applicable statute of limitations bars the action. Because the court granted the motion to substitute above, the first ground for dismissal is rendered moot. Accordingly, the court addresses only the applicable statute of limitations below.

SFR Investments and the HOA argue a three-year statute of limitation should apply to this matter, construing Newlands' quiet-title claims as wrongful-foreclosure claims. ECF No. 16 at 5. More specifically, they argue that Newlands held a lien interest in the property rather than a title interest and therefore cannot seek to quiet title on the property. [2] *Id.* The court disagrees.

Newlands may bring a quiet-title claim. In Nevada, courts possess "the inherent equitable power to consider quiet title actions[.]" *Shadow Wood HOA v. N.Y. Cmty. Bancorp.*, 366 P.3d 1105, 1110 (Nev. 2016) (internal citations omitted). "An action may be brought by any person against another who claims an estate or interest in real property, adverse to the person bringing the action, for the purpose of determining such adverse claim." Nev. Rev. Stat. § 40.010. A lien is "[a] legal right or interest that a creditor has in another's property[.]" LIEN, Black's Law Dictionary (10th ed. 2014). Accordingly, Newlands held an interest in the property; Newlands held the beneficiary interest under the deed of trust, which secured the mortgage lien on the

---

[2] SFR Investments and the HOA also argue the claims relying on the Due Process Clause of the U.S. Constitution should be construed as wrongful-foreclosure claims. The court declines to entertain this argument for the same reason it dismisses the arguments herein.

4

property. As a result, Newlands could assert a quiet-title claim under N.R.S. § 40.010 against any other person claiming an interest adverse to Newlands' interest. The court therefore construes Newlands' claims as quiet-title claims rather than wrongful-foreclosure claims.

Newlands timely filed its quiet-title claims. In Nevada, the applicable statute of limitations imposes a five-year time-bar for quiet-title claims. Nev. Rev. Stat. § 11.070; *Weeping Hollow Ave. Tr. v. Spencer*, 831 F.3d 1110, 1114 (9th Cir. 2016) (citing N.R.S. § 11.070 as the governing statute of limitations in Nevada for quiet-title claims); *Saticoy Bay LLC Series 2021 Gray Eagle Way v. JPMorgan Chase Bank, N.A.*, 388 P.3d 226, 232 (Nev. 2017) (stating quiet-title claims are governed by a five-year statute of limitations). Here, the foreclosure sale took place on July 24, 2012, and Newlands sued to quiet title on June 13, 2017. Newlands therefore initiated this matter within the five-year statute of limitations. The court denies the motion to dismiss accordingly.

**IV. CONCLUSION**

IT IS THEREFORE ORDERED that plaintiff Newlands Asset Holding Trust's motion to substitute, or, in the alternative, motion to intervene (ECF No. 19) is **GRANTED.** The court instructs the clerk of the court to substitute Carisbrook Asset Holding Trust into this action as the plaintiff in the place and stead of Newlands Asset Holding Trust.

IT IS FURTHER ORDERED that defendants SFR Investments Pool 1, LLC and Stonefield Homeowners' Association's motion to dismiss (ECF No. 16) is **DENIED.**

IT IS SO ORDERED.

DATED this 17th day of November, 2017.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE