UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| CARISBROOK ASSET HOLDING TRUST, <br><br> Plaintiff, <br> v. <br> SFR INVESTMENTS POOL 1, LLC, *et al.*, <br><br> Defendants. <br><br> AND ALL RELATED ACTIONS | Case No. 3:17-cv-00370-MMD-WGC <br><br> ORDER |

**I.   SUMMARY**

This dispute arises from the homeowners' association foreclosure sale ("HOA Sale") of real property located at 7752 Corso Street, Reno, Nevada 89506 ("Property") to satisfy a homeowners' association lien. (ECF No. 1 at 1, 4.) Before the Court are three motions: (1) Plaintiff Carisbrook Asset Holding Trust's motion for summary judgment, arguing that a deed of trust it owns on the Property (the "DOT") continues to encumber the Property (the "Motion") (ECF No. 64); (2) Defendant SFR Investments Pool 1, LLC's ("SFR") motion to strike Plaintiff's Motion for failing to disclose witnesses and a document that Plaintiff uses to support its Motion ("Motion to Strike") (ECF No. 70); and (3) SFR's alternative motion for relief under Fed. R. Civ. P. R. 56(d) ("Rule 56(d) Motion"), for the same reasons presented in the Motion to Strike (ECF No. 71).[1] Because the Court finds that Plaintiff's failure to disclose was not substantially justified, but mostly

---

[1] The Court has reviewed the parties' responses and replies to these motions, including those submitted by Defendant Stonefield Homeowners' Association (the "HOA"). (ECF Nos. 66, 69, 72, 77, 78, 79, 80, 81.)

harmless such that exclusion would be too harsh a remedy, and as further explained below, the Court will grant SFR's Rule 56(d) Motion, deny the other two pending motions, and briefly reopen discovery in this case.

**II.     BACKGROUND**

Plaintiff filed this case on June 13, 2017. (ECF No. 1.) Plaintiff then filed a motion for summary judgment in December 2017 ("First MSJ"). (ECF No. 32; *see also* ECF Nos. 34, 37, 38, 39, 40, 41 (responses, reply, and briefing regarding SFR's related motion for relief under Rule 56(d)).) Plaintiff's First MSJ was based entirely on the argument that NRS § 116, *et seq.* was facially unconstitutional under the Ninth Circuit's *Bourne Valley Court Trust v. Wells Fargo Bank, N.A.*, 832 F.3d 1154 (9th Cir. 2016) ("*Bourne Valley*") opinion. (ECF No. 32 at 1-2.) Notably, Plaintiff's First MSJ did not contain the argument that Plaintiff's predecessor-in-interest's counsel tendered a check to the HOA's agent discharging the HOA's lien on the Property (a "Tender Argument").

The Court then stayed this case pending the Nevada Supreme Court's answer to the certified question in Nev. S. Ct. Case No. 72931 on May 22, 2018, and denied the First MSJ and SFR's related motion for Rule 56(d) relief without prejudice. (ECF No. 60.) At the time, the discovery deadline was set to expire about a month later—on June 25, 2018. (ECF No. 58.) The Court lifted that stay on August 9, 2018. (ECF No. 63.)

About a month after the Court lifted the stay, Plaintiff filed the Motion, which includes both an argument based on *Bourne Valley*, and a Tender Argument. (ECF No. 64.) Plaintiff's Tender Argument relies on the affidavit of Doug Miles, of the law firm Miles Bauer, which in turn includes as an exhibit a screenshot from an internal database used by Miles Bauer (the "Prolaw Screenshot")—to establish that a Miles Bauer attorney mailed a check to the HOA's agent in an amount corresponding to the HOA's lien on the Property, and the HOA rejected it. (ECF Nos. 64 (motion), 64-1 at 2-5 (affidavit), 64-1 at 7 (Prolaw Screenshot).) SFR responded, filed its Motion to Strike, and Rule 56(d) Motion. (ECF Nos. 69, 70, 71.) In relevant part, SFR argues in these documents that Plaintiff never disclosed Doug Miles, or anyone else from Miles Bauer, as a witness

during discovery in this case—in violation of Rule 26(a)(1)(A)(i), meriting exclusion of ECF No. 64-1 under Rule 37(c)(1), or, alternatively, additional discovery on Plaintiff's Tender Argument under Rule 56(d). (*See, e.g.*, ECF No. 70 at 17-18.)

Because Plaintiff's Tender Argument may be case-dispositive, and Plaintiff did not dispute it did not disclose any witnesses from Miles Bauer (*see, e.g.*, ECF No. 78 at 11), the Court held a hearing on these discovery deficiencies on June 3, 2019 (the "Hearing"). (ECF No. 86.) At the Hearing, Plaintiff conceded it never disclosed any witnesses from Miles Bauer, nor did it disclose the ProLaw Screenshot, though Plaintiff did disclose some other documents related to its Tender Argument. This order follows from the Hearing. (*Id.* (stating the Court will issue a written order).)

## III. LEGAL STANDARDS

Because Plaintiff conceded its discovery disclosures were inadequate at the Hearing, the Court does not herein substantially address the merits of Plaintiff's Motion. As further explained below, the Court will deny Plaintiff's Motion without prejudice.

As an additional threshold matter, the Court notes SFR's Motion to Strike is really a motion for discovery sanctions under Rule 37(c)(1). (ECF No. 70 at 17 (arguing for an exclusion sanction).) "Under Rule 12(f) a court may strike from a pleading any redundant, immaterial, impertinent, or scandalous matter." *Herb Reed Enterprises, LLC v. Fla. Entm't Mgmt., Inc.*, Case No. 2:12-CV-00560-MMD, 2014 WL 1305144, at *6 (D. Nev. Mar. 31, 2014). "However, motions to strike apply only to pleadings, and courts are generally unwilling to construe the rule broadly and refuse to strike motions, briefs, objections, affidavits, or exhibits attached thereto." *Id.* (citation omitted) (denying motion to strike declarations submitted in support of summary judgment motions). Thus, the Court construes SFR's Motion to Strike as a motion for sanctions under Rule 37(c)(1).

Under Rule 26, a party must disclose witnesses likely to have discoverable information, and copies of the documents it intends to rely on to support its claims or defenses. *See* Fed. R. Civ. P. 26(a)(1)(A)(i), (ii). If a party learns its disclosures are incomplete or incorrect, it must timely supplement or correct those disclosures. *See* Fed.

R. Civ. P. 26(e)(1)(A). Failure to comply with these rules triggers Rule 37(c)(1), which provides:

> **Failure to Disclose or Supplement**. If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard:
> **(A)** may order payment of the reasonable expenses, including attorney's fees, caused by the failure;
> **(B)** may inform the jury of the party's failure; and
> **(C)** may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)-(vi).

Fed. R. Civ. P. 37(c)(1). Thus, when a party fails to disclose or supplement its disclosures, the default rule is the party cannot use that information or witness to supply evidence on a motion, at a hearing, or at trial. *See, e.g.*, *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001) (describing the sanction as "self-executing"). The exception is when that failure is substantially justified or harmless. And the Court retains discretion to fashion appropriate relief in the event of a failure to disclose. *See id.* (stating that a district court has "particularly wide latitude" over its discretion to issue sanctions under Rule 37(c)(1)).

"Several factors [] guide the determination of whether substantial justification and harmlessness exist, including (1) prejudice or surprise to the party against whom the evidence is offered; (2) the ability of that party to cure the prejudice; (3) the likelihood of disruption of trial; and (4) bad faith or willfulness in not timely disclosing the evidence." *Silvagni v. Wal-Mart Stores, Inc.*, 320 F.R.D. 237, 242 (D. Nev. 2017) (citations omitted). And even if the failure to disclose was not substantially justified or harmless, the Court must consider certain factors before deciding to impose the harsh sanction of exclusion. *See id.* Those factors are: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the other parties; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Id.* (citation omitted). In practice, the harsh sanction of exclusion

is generally limited to extreme situations because courts universally recognize a strong preference towards deciding cases on their merits. *See id.* at 243.

## IV. DISCUSSION

While the Court is unpersuaded Plaintiff's failure to disclose any witnesses from Miles Bauer, or the Prolaw Screenshot, was substantially justified, it finds it was mostly harmless, and exclusion is too harsh a remedy for Plaintiff's discovery violation. The Court will therefore grant SFR's alternative request for relief under Rule 56(d), and deny the other two pending motions.

To start, the Court rejects the arguments Plaintiff made in response to SFR's pending motions, and at the Hearing. In its briefing, Plaintiff argued "evidence was timely produced," but ignored SFR's contention it never disclosed any witnesses from Miles Bauer, and did not directly address the Prolaw Screenshot. (ECF Nos. 78 at 11, 79 at 11.) At the Hearing, Plaintiff's counsel conceded Plaintiff never specifically disclosed any witnesses from Miles Bauer, and conceded it never disclosed the Prolaw Screenshot. Thus, Plaintiff's arguments in its briefing are wrong.

Further, Plaintiff argued at the Hearing its failure to disclose was substantially justified because the Court stayed the case before the close of discovery, and Plaintiff's counsel did not get documents supporting its Tender Argument until shortly before the Court stayed the case—so Plaintiff would have disclosed witnesses from Miles Bauer and the Prolaw Screenshot at some later point during discovery, but could not because the Court had stayed the case by the time Plaintiff decided it would disclose. The Court is not persuaded by this argument. Plaintiff could have disclosed the witnesses or the Prolaw Screenshot between May 4, 2018 (ECF No. 78 at 11 (stating that is the day Plaintiff received the tender evidence)), and May 22, 2018, the day the Court stayed the case (ECF No. 60). But Plaintiff did not. Further, Plaintiff could have supplemented its disclosures in the month between the time the Court unstayed the case, and when Plaintiff filed its Motion. (ECF Nos. 63, 64.) But Plaintiff did not. In addition, Plaintiff had an obligation to supplement its disclosures when it prepared and filed its Motion—which

1    added a Tender Argument not included in its First MSJ, but otherwise was substantively
2    the same as its First MSJ. *See* Fed. R. Civ. P. 26(e)(1)(A). But Plaintiff did not. Thus,
3    Plaintiff's failure to disclose was not substantially justified.

4    But the harmlessness factors tip towards finding Plaintiff's failure to disclose was
5    harmless. *See Silvagni*, 320 F.R.D. at 242 (stating the harmlessness factors). First, it
6    appears to the Court that Plaintiff's failure to disclose was primarily caused by Plaintiff's
7    counsel's carelessness or neglect, rather than any bad faith or intentional conduct.[2]
8    Notably, there has also been no suggestion or argument by either party that Plaintiff
9    acted in bad faith. Second, there is no real likelihood that trial will be disrupted, since the
10   Court has not yet set a firm trial date in this case. Third, prejudice to SFR can be
11   remedied by reopening discovery focused on Plaintiff's Tender Argument for a limited
12   period of time. But fourth, and on the other hand, it does appear SFR was prejudiced by
13   Plaintiff's failure to disclose—because it was unable to prepare during discovery to rebut
14   what could be a case-dispositive defense, and had to file these motions. *See, e.g.*,
15   *Nationstar Mortg. LLC v. Augusta Belford & Ellingwood Homeowners Ass'n*, Case No.
16   2:15-cv-01705-MMD-PAL, 2019 WL 1173341, at *5 (D. Nev. Mar. 12, 2019),
17   *reconsideration denied*, 2019 WL 1995319 (D. Nev. May 6, 2019) (currently on appeal)
18   (granting summary judgment against SFR based on a Tender Argument). SFR may also
19   have been surprised by Plaintiff's Tender Argument because Plaintiff did not raise it in its
20   First MSJ. But overall, these factors weigh in favor of finding Plaintiff's failure to disclose
21   harmless.
22   ///

---

[2] Plaintiff's counsel explained at the Hearing that he took this case over from another attorney at his law firm, and seemed to suggest both that he litigates many of these cases simultaneously, and his client exercises significant control over litigation strategy, as if these factors excused his failure to notice and remedy a disclosure error before filing the Motion, based in part on a Tender Argument, and supported by only one exhibit. They do not. Regardless of how many cases involving homeowners' association foreclosure sales an attorney or law firm is handling, the attorney handling a particular case has an obligation to exercise due care and reasonable professional diligence in that particular case.

1   In addition, the factors the Court must consider before granting SFR an exclusion remedy for Plaintiff's discovery violation weigh in favor of declining to permanently exclude Plaintiff's tender evidence here. *See Silvagni*, 320 F.R.D. at 242 (stating the factors a court must consider before selecting an exclusion remedy). Specifically, two of these enumerated factors weigh strongly against exclusion: the public policy favoring the disposition of cases on their merits, and the availability of less drastic sanctions. Less drastic sanctions are available here in the form of SFR's alternatively requested Rule 56(d) relief. And allowing Plaintiff to make its Tender Argument after SFR has the chance to conduct additional discovery on this topic will allow this case to be resolved on its merits. Two of the other enumerated factors do not directly apply here, and the remaining factor, the public's interest in expeditious resolution of litigation, only weighs slightly in favor of exclusion—because the Court will give SFR 45 additional days to conduct discovery. But that is not so long for these factors to weigh in favor of exclusion. Plaintiff's discovery violation here does not warrant imposition of the rather drastic remedy of exclusion. *See Silvagni*, 320 F.R.D. at 243 ("Lesser sanctions and other measures are generally more appropriate than evidence preclusion when . . . the delay can be remedied . . . with a limited and brief extension of discovery.").

Overall, the Court finds that allowing SFR to conduct additional discovery regarding Plaintiff's Tender Argument is the right remedy for Plaintiff's discovery violation—failing to disclose any witnesses from Miles Bauer, or the Prolaw Screenshot. Therefore, the Court will grant SFR's Rule 56(d) Motion, deny SFR's Motion to Strike, and deny Plaintiff's Motion without prejudice.

**V.    CONCLUSION**

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of motions before the Court.

It is therefore ordered that Plaintiff's motion for summary judgment (ECF No. 64) is denied without prejudice.

It is further ordered that SFR's motion to strike (ECF No. 70) is denied.

It is further ordered that SFR's motion for Rule 56(d) relief (ECF No. 71) is granted.

It is further ordered that discovery is reopened for 45 days from the date of entry of this order, in which SFR may seek further discovery regarding Plaintiff's tender argument. Plaintiff is directed to cooperate with SFR to ensure discovery is completed during this limited period.

It is further ordered that any renewed motions for summary judgment must be filed within 30 days of the end of the reopened 45-day discovery period.

DATED THIS 6th day of June 2019.

_____
MIRANDA DU
UNITED STATES DISTRICT JUDGE