UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| CARISBROOK ASSET HOLDING TRUST, | Case No. 3:17-cv-00370-MMD-WGC |
|---|---|
| Plaintiff, | ORDER |
| v. | |
| SFR INVESTMENTS POOL 1, LLC, *et al.*, | |
| Defendants. | |
| AND ALL RELATED ACTIONS | |

This dispute arises from the homeowners' association foreclosure sale ("HOA Sale") of real property located at 7752 Corso Street, Reno, Nevada 89506 ("Property") to satisfy a homeowners' association ("HOA") lien. (ECF No. 1 at 1, 4.) Before the Court is Plaintiff Carisbrook Asset Holding Trust's second motion to extend time, specifically discovery and dispositive motion deadlines (the "Motion").[1] (ECF No. 91.) As further explained below, the Court will deny the Motion.

The Court previously issued an order (the "Prior Order") denying Plaintiff's motion for summary judgment without prejudice and granting Defendant's request for relief under Federal Rule of Civil Procedure 56(d). (ECF No. 87.) The Court reopened discovery for the limited purpose of allowing Defendant to conduct discovery regarding Plaintiff's argument that Plaintiff's predecessor-in-interest's counsel tendered a check to the HOA's agent discharging the HOA's lien on the Property (the "Tender Argument"), because Plaintiff failed to disclose several witnesses and a key document upon which

---

[1] The Court has reviewed Defendant SFR Investments Pool 1, LLC's response (ECF No. 96), and Plaintiff's reply (ECF No. 98).

Plaintiff based its argument. (*Id.*) As a remedy for Plaintiff's discovery violation, the Court ordered, "that discovery is reopened for 45 days from the date of entry of this order, in which SFR may seek further discovery regarding Plaintiff's tender argument. Plaintiff is directed to cooperate with SFR to ensure discovery is completed during this limited period." (*Id.* at 8.)

Plaintiff now seeks to further reopen discovery to allow it to gather more information about payments that the homeowner of the Property may have made to the HOA before the HOA sale. (ECF No. 91 at 5.) Defendant opposes Plaintiff's request because the Prior Order reopened discovery to remedy Plaintiff's discovery violation, and was explicit in limiting the scope of that discovery to the Tender Argument Plaintiff made in its motion for summary judgment. (ECF No. 96 at 3.) Therefore, Defendant argues, the Motion should be denied. (*Id.*)

The Court will deny the Motion because it only reopened discovery in this case to remedy Plaintiff's prior discovery violation—and only for the limited purpose of allowing Defendant discovery on Plaintiff's potentially case-dispositive Tender Argument. (ECF No. 87.) The discovery Plaintiff seeks through the Motion is outside the scope of the discovery permitted in the Prior Order. Further, granting Plaintiff's Motion would undermine the rationale of the Prior Order—to remedy Plaintiff's failure to comply with its discovery obligations. In this context, it would be unfair to Defendant to allow Plaintiff to pursue discovery into other arguments potentially favorable to Plaintiff after discovery has closed. The Court finds Plaintiff has not demonstrated good cause to reopen discovery and will thus deny the Motion.

It is therefore ordered that Plaintiff's second motion to extend time (ECF No. 91) is denied.

///

///

///

///

It is further ordered that any renewed motions for summary judgment must be filed within 15 days of the date of entry of this order.

DATED THIS 21st day of August 2019.

_____
MIRANDA DU
UNITED STATES DISTRICT JUDGE