UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| CARISBROOK ASSET HOLDING TRUST, | Case No. 3:17-cv-00370-MMD-WGC |
| Plaintiff, | ORDER |
| v. | |
| SFR INVESTMENTS POOL 1, LLC, *et al.*, | |
| Defendants. | |
| AND ALL RELATED ACTIONS | |

## I.    SUMMARY

This dispute arises from the homeowners' association foreclosure sale ("HOA Sale") of real property located at 7752 Corso Street, Reno, Nevada, 89506 ("Property") to satisfy a homeowners' association lien. (ECF No. 1 at 1, 4.) Before the Court are three motions: (1) Plaintiff Carisbrook Asset Holding Trust's motion for summary judgment, arguing that a deed of trust it owns on the Property (the "DOT") continues to encumber the Property (the "Motion") (ECF No. 103); (2) Defendant Stonefield Homeowners' Association's (the "HOA") motion for summary judgment (ECF No. 102); and (3) Plaintiff's motion for relief under Fed. R. Civ. P. R. 56(d) ("Rule 56(d) Motion") (ECF No. 115).[1] Because the Court agrees with Plaintiff its predecessor-in-interest properly tendered the superpriority lien amount to preserve the DOT, and as further explained below, the Court will grant Plaintiff's Motion in pertinent part and deny the other motions.

---

[1]The Court has reviewed the parties' responses, replies, and other documents related to these motions, including those submitted by Defendant SFR Investments Pool 1, LLC ("SFR"). (ECF Nos. 104, 105, 106, 107, 108, 109, 110, 114, 118, 120.)

II.    **BACKGROUND**

      **A.  The Property and the HOA Sale**

The following facts are undisputed unless otherwise indicated.[2]

Damian C. Webber ("Borrower") obtained a loan in the amount of $192,460.00 secured by the DOT encumbering the Property in January 2009. (ECF No. 104-1, 104-2, 104-3.) The DOT was assigned to Countrywide Bank, FSB, then to the Secretary of Housing and Urban Development, then to U.S. Bank National Association, as trustee for SROF-2013-S3-REMIC Trust I, then to Queen's Park Oval Asset Holding Trust c/o U.S. Bank Trust National Association, then to Newlands Asset Holding Trust, then to Plaintiff, then to Kingsmead Asset Holding Trust, and finally back to Plaintiff on August 20, 2019. (ECF Nos. 104-5, 104-6, 104-7, 104-8, 104-9, 104-10, 104-11, 104-12.)

The HOA recorded a notice of delinquent assessments and claim of lien for the HOA's assessments against the Property on February 10, 2010, through its agent, Kern & Associates, Ltd ("Kern"). (ECF No. 104-13.) The HOA then recorded a notice of default and election to sell to satisfy the delinquent assessment lien against the Property on May 19, 2010, through its then agent Phil Frink & Associates ("Frink"). (ECF No. 104-14.)

The servicer of the DOT at the time, through its counsel Miles, Bauer, Bergstrom & Winters, LLP ("Miles Bauer") subsequently requested a ledger from the HOA, through Frink, identifying the superpriority amount allegedly owed to the HOA, and offering to pay the superpriority portion of the HOA's lien. (ECF No. 103-1 at 3-4, 7, 9-10.) The HOA, through its agent Kern, refused to provide a ledger or identify the superpriority amount, and instead responded to Miles Bauer with a letter, dated September 15, 2010, identifying a quarterly assessment amount of $60.00 and a total amount owed of $2,664.57 as of September 15, 2010. (*Id.* at 4, 12.) The HOA's letter said nothing about

---

[2]The Court takes judicial notice of the publicly available records of the Washoe County Recorder. (ECF Nos. 104-1, 104-2, 104-3, 104-4, 104-5, 104-6, 104-7, 104-8, 104-9, 104-10, 104-11, 104-12, 104-13, 104-14, 104-16, 104-17.)

nuisance or abatement charges. (*See id.*) Based on the $60.00 quarterly assessment amount identified, Miles Bauer calculated the superpriority lien amount—the sum of nine-months (three quarters) of common assessments (*see infra*)—as $180.00, and delivered that amount to Kern on September 30, 2010. (*Id.* at 4, 14-16.) Kern rejected the payment and proceeded to foreclose. (*Id.* at 5, 18-19; *see also* ECF No. 104-16.)

The HOA foreclosed on the Property on July 24, 2012 at the HOA Sale, purchasing the Property itself for $400.00. (ECF No. 104-16.) Defendant SFR acquired the Property from the HOA for $17,800.00 via a quitclaim deed recorded on June 20, 2014. (ECF Nos. 104-16, 103-2.)

Plaintiff asserts the following claims in its Complaint (ECF No. 1): (1) quiet title/declaratory judgment against all defendants (*id.* at 8-10); (2) declaratory relief under the Fifth and Fourteenth Amendments against all defendants (*id.* at 10-11); (3) quiet title under the Fifth and Fourteenth Amendments against all defendants (*id.* at 11-13); (4) permanent and preliminary injunction against SFR (*id.* at 13-14); (5) unjust enrichment against all defendants (*id.* at 14-15). SFR filed a counterclaim against Plaintiff, and crossclaims against Borrower, for quiet title/declaratory relief, and both a preliminary and permanent injunction—attempting to establish SFR owns the Property free and clear of any encumbrances. (ECF No. 27 at 16-19.)

### B. Procedural History

The Court recited much of the procedural history of this case in a prior order (the "Disclosure Order"), so the Court incorporates that procedural history by reference and does not recite it here. (ECF No. 87 at 2-3.) In the Disclosure Order, the Court found Plaintiff had not disclosed the documents and witnesses it relied on to make the tender argument the Court finds dispositive in this order, so the Court reopened discovery for 45 days for the limited purpose of allowing "SFR [to] seek further discovery regarding Plaintiff's tender argument." (*Id.* at 3-8.)

Plaintiff then moved to further reopen discovery to allow it to conduct discovery on payments Borrower made to the HOA, but the Court denied that motion because it had

1    reopened discovery only for the limited purpose of remedying Plaintiff's prior discovery

2    violation regarding its tender argument. (ECF No. 100.) The pending motions addressed

3    in this order followed. (ECF Nos. 103, 104, 115.) Of those motions, the Rule 56(d)

4    motion is another attempt by Plaintiff to obtain additional discovery on payments

5    Borrower made to the HOA, like the request the Court previously denied, but relying on a

6    different rule. (ECF No. 115.)

7        Meanwhile, SFR completed the process of getting a default judgment against

8    Borrower. Specifically, SFR moved for (ECF No. 88), and the Clerk of Court entered

9    (ECF No. 90) default against Borrower. SFR then moved for default judgment against

10   Borrower. (ECF No. 101.) The Court granted SFR's motion. (ECF No. 121.) The Court

11   therefore entered a default judgment against Borrower stating that: (1) Borrower had no

12   interest in the Property; but noted (2) "this judgment does not adjudicate SFR's claims

13   against, or the defenses of, any other party to this case." (ECF No. 122 at 2.)

14   **III.    LEGAL STANDARD**

15       "The purpose of summary judgment is to avoid unnecessary trials when there is

16   no dispute as to the facts before the court." *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*,

17   18 F.3d 1468, 1471 (9th Cir. 1994). Summary judgment is appropriate when the

18   pleadings, the discovery and disclosure materials on file, and any affidavits "show that

19   there is no genuine issue as to any material fact and that the moving party is entitled to a

20   judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). An

21   issue is "genuine" if there is a sufficient evidentiary basis on which a reasonable fact-

22   finder could find for the nonmoving party and a dispute is "material" if it could affect the

23   outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S.

24   242, 248 (1986).

25       The moving party bears the burden of showing that there are no genuine issues

26   of material fact. *See Zoslaw v. MCA Distrib. Corp.*, 693 F.2d 870, 883 (9th Cir. 1982).

27   Once the moving party satisfies Rule 56's requirements, the burden shifts to the party

28   resisting the motion to "set forth specific facts showing that there is a genuine issue for

4

1  trial." *Anderson*, 477 U.S. at 256. The nonmoving party "may not rely on denials in the

2  pleadings but must produce specific evidence, through affidavits or admissible discovery

3  material, to show that the dispute exists," *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404,

4  1409 (9th Cir. 1991), and "must do more than simply show that there is some

5  metaphysical doubt as to the material facts." *Orr v. Bank of Am., NT & SA*, 285 F.3d 764,

6  783 (9th Cir. 2002) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S.

7  574, 586 (1986)). "The mere existence of a scintilla of evidence in support of the

8  plaintiff's position will be insufficient." *Anderson*, 477 U.S. at 252. Moreover, a court

9  views all facts and draws all inferences in the light most favorable to the nonmoving

10  party. *See Kaiser Cement Corp. v. Fischbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th

11  Cir. 1986).

12  **IV.   DISCUSSION**

13  The HOA makes arguments in its motion for summary judgment as well as its

14  response to Plaintiff's Motion that the Court need not consider because Plaintiff's tender

15  preserved the DOT. (ECF Nos. 102, 105.) The HOA in fact concedes that summary

16  judgment on Plaintiff's quiet title claim is appropriate based on Plaintiff's tender

17  argument. (ECF No. 105 at 3.) Accordingly, the Court considers only Plaintiff and SFR's

18  arguments on the issue.

19  In several recent decisions, the Nevada Supreme Court effectively put to rest the

20  issue of tender. For example, in *Bank of Am., N.A. v. SFR Invs. Pool 1, LLC*, 427 P.3d

21  113 (Nev.), *as amended on denial of reh'g* (Nov. 13, 2018) ("*Diamond Spur*"), the

22  Nevada Supreme Court held "[a] valid tender of payment operates to discharge a lien or

23  cure a default." *Id.* at 117, 121. And it reaffirmed "that the superpriority portion of an HOA

24  lien includes only charges for maintenance and nuisance abatement, and nine months of

25  unpaid assessments." *Id.* at 117. Even more recently, the Ninth Circuit weighed in to

26  confirm that the Nevada Supreme Court settled this issue—"the holder of the first deed

27  of trust can establish the superiority of its interest by showing that its tender satisfied the

28  superpriority portion of the HOA's lien," which "consists of nine months of unpaid HOA

1   dues and any unpaid charges for maintenance and nuisance abatement." *Bank of Am.,*
2   *N.A. v. Arlington W. Twilight Homeowners Ass'n* ("*Twilight*"), 920 F.3d 620, 623 (9th Cir.
3   2019).

4          Here, Plaintiff tendered the superpriority amount. Nonetheless, in an attempt to
5   create a dispute as to the adequacy of the tendered amount, SFR essentially argues that
6   Plaintiff's tender was ineffective because Plaintiff did not tender the full amount the HOA
7   provided was then owing. (ECF No. 109 at 21-22.)[3] However, as indicated above,
8   Plaintiff was only required to pay the superpriority portion of the HOA's lien, which
9   includes only nine months of unpaid assessments and charges for maintenance and
10  nuisance abatement. Plaintiff specifically calculated the nine months of assessments
11  based on the $60.00 for quarterly assessments and tendered the proportionate
12  amount—$180.00—to the HOA's agent. (ECF No. 103-1.) Further, there is no genuine
13  dispute regarding whether Plaintiff had to also pay maintenance and nuisance
14  abatement charges. It did not. This is because there is no indication that the HOA
15  determined Borrower incurred such charges. (*Id.* at 12.) *Cf. Twilight*, 920 F.3d at 623
16  (citing *Diamond Spur*, 427 P.3d at 118) ("If the HOA's ledger does not show any charges
17  for maintenance or nuisance abatement, a tender of nine months of HOA dues is
18  sufficient."). The Court therefore concludes that the HOA Sale did not extinguish
19  Plaintiff's DOT, even though the HOA rejected Plaintiff's tender. *See Diamond Spur*, 427
20  P.3d at 121-22.

21         Moreover, SFR's other arguments to the contrary are unavailing. SFR first argues
22  that Plaintiff's quiet title claim is time-barred, while simultaneously conceding that both
23  the prior judge in this case, and this Court in other cases, have found that a five-year
24  statute of limitations applies to quiet title claims—and thus Plaintiff's quiet title claim is
25  not time barred. (ECF No. 109 at 1-2.) To the extent SFR has not entirely conceded it,

26

27         [3]SFR submitted a corrected image (ECF No. 109) of its response to the Motion
28  (ECF No. 108). The Court therefore cites to the corrected image (ECF No. 109)
    throughout the body of this order.

the Court rejects this argument. *See, e.g.*, *Bank of New York Mellon v. Kosh*, Case No. 2:17-cv-0957-MMD-PAL, 2019 WL 2305146, at *3 (D. Nev. May 30, 2019) (finding the applicable statute of limitations is five years). SFR also brings evidentiary challenges to the documents evidencing tender attached to the affidavit of Douglas Miles. (ECF No. 109 at 20-21, 22-23 (challenging ECF No. 103-1).) The Court rejects these challenges. In the Disclosure Order, the Court specifically gave SFR the opportunity to conduct discovery on these very documents, but SFR does not challenge the validity of the contents of these documents using anything it learned in discovery. But more importantly, the Court has considered and rejected materially identical challenges to this type of evidence several times, and thus rejects SFR's evidentiary challenges here. *See, e.g.*, *Bank of New York Mellon as Tr. for Certificateholders of CWALT, Inc. v. Maryland Pebble at Silverado Homeowners Ass'n*, Case No. 2:17-cv-00372-MMD-PAL, 2019 WL 1585107, at *4 (D. Nev. Apr. 12, 2019) (rejecting the same arguments).

In sum, the Court finds Plaintiff's tender argument case-dispositive and will thus grant Plaintiff's Motion in pertinent part. Because the Court is granting Plaintiff's Motion, the Court will deny Plaintiff's Rule 56(d) motion as moot. And as Plaintiff primarily sought in its Complaint the declaration the Court will give it here that its DOT continues to encumber the Property, the Court will grant summary judgment to Plaintiff on its quiet title claim, and dismiss its other claims as moot. Conversely, and because the HOA is primarily seeking to avoid liability on Plaintiff's unjust enrichment claim (ECF No. 102 at 3), which the Court is dismissing as moot, the Court will deny the HOA's motion for summary judgment. Finally, because SFR's crossclaim against Plaintiff primarily seeks a declaration that Plaintiff's DOT does not encumber the property (ECF No. 27 at 18), the Court will direct the entry of judgment in Plaintiff's favor on SFR's crossclaim. Plaintiff's DOT continues to encumber the Property.

///

///

///

## V.    CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the motions before the Court.

It is therefore ordered that Plaintiff's motion for summary judgment (ECF No. 103) is granted as to its quiet title/declaratory judgment claim. The Court declares that the HOA Sale did not extinguish Plaintiff's DOT and thus SFR's interest in the Property is subject to the DOT.

It is further ordered that Plaintiff's remaining claims, which are alleged in the alternative, are dismissed as moot.

It is further ordered that the HOA's motion for summary judgment (ECF No. 102) is denied.

It is further ordered that Plaintiff's Rule 56(d) Motion (ECF No. 115) is denied as moot.

The Clerk of Court is directed to enter judgment in Plaintiff's favor accordingly, including on SFR's remaining counterclaim against Plaintiff (ECF No. 27 at 16-19), and close this case.

DATED THIS 19th day of May 2020.

MIRANDA DU
CHIEF UNITED STATES DISTRICT JUDGE

8